[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15318
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-20184-CMA-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSE FOOTS,
a.k.a. Polo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 25, 2016)

Before TJOFLAT, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Jesse Foots appeals his convictions of the following crimes: conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); two counts of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2; and two counts of using and brandishing a firearm during the commission of the robberies in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.  Foots contends the district court abused its discretion in excluding expert testimony regarding the effects of Foots's ingestion of a drug known as "Flakka."  Foots also asserts the district court erred when it denied his *Batson*[1] challenge to the government's striking of a prospective juror.  Additionally, Foots appeals his 462-month total sentence, contending the district court erred in denying his request for a downward variance at sentencing. After review, we affirm.

## I. DISCUSSION

As the parties are familiar with the facts of this case, we will not recount them in detail.  We include only those facts necessary to the discussion of each issue.

*A. Exclusion of Expert Testimony*

Foots first argues his expert should have been permitted to testify at trial pursuant to Fed. R. Evid. 702.  We review the admissibility of expert testimony for abuse of discretion—a standard so deferential we will not reverse "unless the

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).

ruling is manifestly erroneous." *United States v. Frazier*, 387 F.3d 1244, 1258 (11th Cir. 2004) (en banc) (quotation omitted). In determining the admissibility of expert testimony under Rule 702, we engage in a three-part inquiry evaluating the expert's qualification, reliability, and helpfulness to the jury. *Id.* at 1260. We find the district court did not abuse its discretion in refusing to admit Dr. Brannon's testimony. Dr. Brannon is a licensed psychologist, but has no training or expertise with respect to neuroscience, pharmacology, or toxicology. *See id.* at 1260–61; Fed. R. Evid. 702 (expert must have "knowledge, skill, experience, training, or education" in the applicable subject matter). At the hearing, Dr. Brannon could point to no studies or other evidentiary basis supporting his opinion that Flakka ingestion causes aggression, except to note that Flakka is a stimulant and that other stimulants can cause aggression. *See Frazier*, 387 F.3d at 1262; Fed. R. Evid. 702(b), (c). His vague and unspecific conclusions did not require expertise and would have more likely confused than assisted the jury in their determination. *See Frazier*, 387 F.3d at 1262–63 ("Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments."); *see also id.* at 1263 ("Exclusion under Rule 403 is appropriate if the probative value of otherwise admissible evidence is substantially outweighed by its potential to confuse or mislead the jury . . . ."). The district

court did not make any "clear error of judgment" or apply any incorrect legal standard, *id.* at 1369, so Foots' argument fails.

## B. Batson Challenge

Next, Foots contends the district court violated *Batson v. Kentucky* when it permitted the Government to strike an African-American juror.  We review errors of law in the application of *Batson* de novo, but "[a] district court's finding as to why a juror is excused is an issue of fact, and as such, it will not be disturbed on appeal 'unless it is clearly erroneous or appears to have been guided by improper principles of law.'"  *United States v. Allen-Brown,* 243 F.3d 1293, 1296 (11th Cir. 2001) (citing *United States v. Williams*, 936 F.2d 1243, 1246 (11th Cir. 1991)).

A party may not exercise a peremptory challenge against a juror solely on account of that juror's race.  *Batson*, 476 U.S. at 84.  *Batson* established a three-step test for evaluating racial discrimination claims in jury selection: first, the defendant must establish a prima facie showing that a peremptory challenge has been exercised on the basis of race; second, if that showing is made, the prosecution must offer a race-neutral basis for striking the juror in question; and third, in light of the parties' submissions, the court determines whether the defendant has established purposeful discrimination.  *United States v. Folk*, 754 F.3d 905, 912–13 (11th Cir. 2014).

The district court did not err in rejecting Foots' *Batson* challenge. Even assuming Foots made a prima facie showing of discrimination merely by objecting to the Government's peremptory challenge, his argument still fails with respect to the second and third *Batson* prongs. When prompted, the Government gave a race-neutral reason for striking the juror, satisfying the second *Batson* element: as a scientist, the juror had expressed hesitation to trust testimony, stating a preference for physical evidence. *See Purkett v. Elem*, 514 U.S. 765, 767–68 (1995) ("Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral.") (quotation omitted). This was a credible basis for excluding her, since it also struck Juror 17, an engineer and the only other juror who expressed similar doubts about non-physical evidence. We will not disturb the trial court's conclusion on this record. *See Folk*, 754 F.3d at 914 ("The trial judge's decision on this 'ultimate question of discriminatory intent . . . represents a finding of fact of the sort accorded great deference on appeal.'") (citation omitted).

## C. Denial of Variance

Finally, Foots asserts the district court erred when it denied his motion for a downward variance, contending his sentence was unreasonable. We review the reasonableness of a sentence under a deferential abuse of discretion standard. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). The burden is on the

5

party challenging the sentence to show that the sentence was unreasonable in light of the record and the factors set forth in 18 U.S.C. § 3553(a). *Id.* at 1189.

The district court did not abuse its discretion in sentencing Foots to 462 months' imprisonment, which was within the Guidelines range. It discussed in depth its reasons for imposing the sentence, giving due consideration to the § 3553(a) factors, and the facts it relied on were not clearly erroneous. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Nor was the sentence substantively unreasonable, despite Foots' assertion that his codefendant, who received a lower sentence, was more culpable. *See id.* Unlike his codefendant, Foots did not admit guilt, and he repeatedly lied to the court. His charge of disparity is unwarranted. *See United States v. Williams*, 526 F.3d 1312, 1323 (11th Cir. 2008) (holding that although § 3553(a)(6) requires the court to avoid unwarranted sentencing disparities, concerns about disparate sentences among co-conspirators are not implicated where the appellant and a codefendant are not similarly situated); *United States v. Regueiro*, 240 F.3d 1321, 1325–26 (11th Cir. 2001) ("Disparity between sentences imposed on codefendants is generally not an appropriate basis for relief on appeal.").

## II. CONCLUSION

For the reasons stated above, we affirm the judgment of the district court and Foots' sentence.

**AFFIRMED.**